## Commonwealth v. Kosh

*J. J. Owens,* district attorney, for Commonwealth.

*J. Julius Levy* and *Frank J. McDonnell,* for defendant.

NEWCOMB, P. J., May 1, 1931.—Defendant, now under sentence of death upon his conviction of a capital offense, moved the court, no doubt under the above-mentioned act, for the allowance of expenses to cover the printing of his paper book. That is to say, he has taken an appeal from the sentence imposed by this court. He says he is wholly destitute of means to cover the expense now in question. The allegation is not controverted, and we have no reason to doubt that it is made in good faith. In the first instance, he did not take advantage of the Act of March 22, 1907, P. L. 31, under which counsel in murder cases are to be assigned by the court with a provision for the allowance of necessary expenses and compensation, although probably he could have consistently done so. The question is, can he now ask for such relief at the expense of the county?

His counsel have appealed because they believe it essential to the protection of his rights. In that belief it is their duty so to do. The county has not been burdened with compensation for their services, but having, in the exercise of their professional judgment, deemed it necessary to appeal to the Supreme Court, and the defendant being wholly destitute of means to pay the necessary expenses, it is believed that the relief asked for is within the purpose and intent of the Act of June 3, 1911, P. L. 627, though not literally within its language.

Accordingly, the counsel, J. Julius Levy and Frank J. McDonnell, are now assigned to defendant's service nunc pro tunc as provided for by the Act of 1907, but without compensation to be paid out of the public treasury, except so much as shall be required to cover the cost of appellant's paper book, not to exceed the sum of $350, which shall be paid by the county upon the certificate of the trial judge, provided for in the Act of 1911, *supra.*

From William A. Wilcox, Scranton, Pa.